UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DA-SHAUNA HOWELL McCOY,

                Plaintiff,

- against -

JOSHUA AGARD, EAN HOLIDNGS INC., TAMECO
FROST and UNITED STATES POSTAL SERVICE,

                Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

Civil Action No.:

       Plaintiff, by and through her attorneys, WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP, as and for a Complaint herein, respectfully sets forth and brings this action against the Defendants, JOSHUA AGARD, EAN HOLDINGS INC., TAMECO FROST and UNITED STATES POSTAL SERVICE for damages, and alleges as follows:

## JURISDICTION & VENUE

    1.    This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of the United States Code (28 USC §§ 2671-2680). This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code 28 USC § 1346(b), as well as Section 1367(a) of Title 28 of the United States Code 28 USC § 1367(a).

    2.    Venue is proper in this District pursuant to 28 USC § 1402(b) because the Defendants reside in this District, and the acts and omissions complained of below occurred within this District.

    3.    That by reason of the foregoing, this Court has jurisdiction over this matter.

## FACTUAL BACKGROUND

4. The cause of action arose in the County of Nassau, State of New York.

5. At all times hereinafter mentioned, the plaintiff, DA-SHAUNA HOWELL McCOY, was and still is a resident of Queens County, City and State of New York.

6. At all times hereinafter mentioned, the Defendant, JOSHUA AGARD, was and still is a resident of Queens County, City and State of New York.

7. At all times hereinafter mentioned, and upon information and belief, Defendant, EAN HOLDINGS INC.'s, principle place of business is in the City of Tulsa, State of Oklahoma.

8. At all times hereinafter mentioned, the Defendant, EAN HOLDINGS INC., was a domestic corporation duly licensed to do business under the laws of the State of New York.

9. At all times hereinafter mentioned, the Defendant, EAN HOLDINGS INC. was a foreign corporation duly licensed to do business under the laws of the State of New York.

10. At all times hereinafter mentioned, the Defendant, EAN HOLDINGS INC., was a partnership authorized to do business in the State of New York.

11. At all times hereinafter mentioned, the Defendant, EAN HOLDINGS INC., was a franchisee authorized to do business in the State of New York.

12. At all times hereinafter mentioned, the Defendant, EAN HOLDINGS INC., transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

13. That at all times herein mentioned, the defendant, UNITED STATES POSTAL SERVICE was and still is a corporation, agency, sovereign and body politic.

14. That at all times hereinafter mentioned, Defendant, UNITED STATES POSTAL SERVICE is a constituent department or body of the UNITED STATES OF AMERICA, and that the said UNITED STATES POSTAL SERVICE is under the direction and control of the Defendant THE UNITED STATES OF AMERICA.

15. That heretofore, and on or about June 1, 2021 the plaintiff did file with the aforesaid agency an SF-95 by certified mail, return receipt requested, claim for personal injury caused by the negligence, wrongful acts and/or omissions of the employees of the Government while acting within the course and scope of their authority and said claim was filed within two years from the date of the accident which gave rise to the claim pursuant to 28 U.S.C.§2401(b).

16. That said claim as not been adjudicated or settled.

17. That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, §1346(b), and other applicable statutes and precedents.

18. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00.

19. That venue is proper under 28 U.S.C. 1402 as the events giving rise to the claim occurred within this judicial district.

3

## AS AND FOR THE FIRST CAUSE OF ACTION

2. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, was the owner of a certain Dodge motor vehicle bearing New York State license plate number HVU9052 for the year 2019.

21. That upon information and belief, at all times hereinafter mentioned, the defendant, JOSHUA AGARD, leased a certain motor vehicle bearing New York State license plate number HVU9052for the year 2019.

22. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, operated the aforesaid motor vehicle bearing New York State license plate number HVU9052for the year 2019.

23. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, maintained the aforesaid motor vehicle bearing New York State license plate number HVU9052for the year 2019.

24. That upon information and belief, at all times hereinafter mentioned, the defendant, JOSHUA AGARD, managed the aforesaid motor vehicle bearing New York State license plate number HVU9052for the year 2019.

25. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, controlled the aforesaid motor vehicle bearing New York State license plate numberHVU9052for the year 2019.

26. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, repaired the aforesaid motor vehicle bearing New York State license plate number HVU9052 for the year 2019.

27. At all times hereinafter mentioned, the defendant, JOSHUA AGARD, operated and controlled the aforesaid motor vehicle with the permission and consent of the owner.

28. That on or about May 27, 2020, Defendant, JOSHUA AGARD, operated the aforesaid Dodge Vehicle with the knowledge of Defendant, EAN HOLDINGS INC., either expressed or implied.

29. That on or about May 27, 2020, Defendant, JOSHUA AGARD, operated the aforesaid Dodge Vehicle with the permission of Defendant, EAN HOLDINGS INC, either expressed or implied.

30. That on or about May 27, 2020, Defendant, JOSHUA AGARD, operated the aforesaid Dodge Vehicle within the scope of his employment with Defendant, EAN HOLDINGS INC.

31. At all times hereinafter mentioned, the plaintiff, DA-SHAUNA HOWELL McCOY, was a passenger in the aforesaid Dodge motor vehicle bearing New York State license plate number HVU9052 for the year 2019, owned and operated by defendant JOSHUA AGARD.

32. That on or about May 27, 2020, Defendant, UNITED STATES POSTAL SERVICE was the registered owner of a 1982 Grumman Motor vehicle, bearing New York State license plate number, 2209272, and hereinafter referred to as the "Grumman Vehicle."

33. That on or about May 27, 2020, Defendant, UNITED STATES POSTAL SERVICE was the titled owner of the aforesaid Grumman Vehicle.

34. That on or about May 27, 2020, Defendant, UNITED STATES POSTAL SERVICE was the lessee of the Grumman Vehicle.

35. That on or about May 27, 2020, Defendant, UNITED STATES POSTAL SERVICE was the lessor of the Grumman Vehicle.

36. That on or about May 27, 2020, Defendant, TAMECO FROST, was the operator of the Grumman Vehicle registered to and owned by Defendant, UNITED STATES POSTAL SERVICE.

37. That on or about May 27, 2020, Defendant, TAMECO FROST, was the operator of the Grumman Vehicle, titled to and owned by Defendant, UNITED STATES POSTAL SERVICE.

38. That on or about May 27, 2020, Defendant, TAMECO FROST, was the operator of the Grumman Vehicle.

39. That on or about May 27, 2020, Defendant, TAMECO FROST, managed the aforesaid Grumman Vehicle.

40. That on or about May 27, 2020, Defendant, TAMECO FROST, maintained the aforesaid Grumman Vehicle.

41. That on or about May 27, 2020, Defendant, TAMECO FROST, controlled the aforesaid Grumman Vehicle.

42. That on or about May 27, 2020, Defendant, TAMECO FROST, operated the aforesaid Grumman Vehicle with the knowledge of Defendant, UNITED STATES POSTAL SERVICE, either expressed or implied.

43. That on or about May 27, 2020, Defendant, TAMECO FROST, operated the aforesaid Grumman Vehicle with the permission of Defendant, UNITED STATES POSTAL

SERVICE, either expressed or implied.

44. That on or about May 27, 2020, Defendant, TAMECO FROST, operated the aforesaid Grumman Vehicle within the scope of her employment with Defendant, UNITED STATES POSTAL SERVICE.

45. That at all times hereinafter mentioned, the location of Westbury Boulevard, where it intersects with Fairview Boulevard, in the County of Nassau, City and State of New York, was and still is a public roadway/highway and/or area accessible to the public, and is used extensively by the public in general.

46. That on May 27, 2020, the aforesaid motor vehicles came into contact with each other at or about the intersection of Westbury Boulevard, and Fairview Boulevard, in the County of Nassau, and State of New York.

47. The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance and control of their motor vehicles, without any negligence, carelessness or recklessness on the part of the plaintiff contributing thereto

48. Plaintiff, DA-SHAUNA HOWELL McCOY, was caused to sustain serious personal injuries solely as a result of the negligence of Defendants, individually and/or jointly, their agents, servants, contractees, licensees and/or employees, in the ownership, operation, control, management, maintenance, repair, and supervision of their motor vehicle, without any fault of negligence on the part of any and all Plaintiff, DA-SHAUNA HOWELL McCOY, contributing thereto.

49. Defendants were negligent, careless and reckless in the ownership, operation, control, maintenance, management, repair and supervision of their motor vehicle, and in violation of the applicable laws, statutes, rules, regulations, codes and ordinances of the County of Kings, City of New York; State of New York; the Vehicle and Traffic Laws of the State of New York, along with all other applicable laws, statutes, rules, regulations, codes and ordinances that the Court will take judicial notice of at the time of trial.

50. That by reason of the foregoing, and the negligence, carelessness and recklessness of Defendants, Plaintiff, DA-SHAUNA HOWELL McCOY, has been rendered sick, sore, lame, and disabled; was seriously, severely and permanently injured, bruised and wounded; was caused to suffer and will continue to suffer physical pain, mental anguish and bodily injuries and a shock to his nervous system, all with accompanying pain; still suffers and will continue to suffer physical pain and bodily injuries and become sick, sore, lame and disabled and so remain for a considerable length of time.

51. That by reason of the foregoing, Plaintiff, DA-SHAUNA HOWELL McCOY, has been unable to attend to her usual and daily occupation, duties and activities in the manner required.

52. That by reason of the foregoing, Plaintiff, DA-SHAUNA HOWELL McCOY, was compelled to, and did necessarily, require medical aid and attention, and did necessarily expend sums of money and become liable therefore for hospital, surgical and medical care, treatment and medicines; and Plaintiff, DA-SHAUNA HOWELL MCCOY, will necessarily incur similar expenses; and said loss continues to date.

53. Solely as a result of Defendants' negligence as aforesaid, Plaintiff was personally injured, incurred expenses for hospital, surgical and medical care, treatment and medicines, and was prevented from performing his usual and customary duties, activities and occupation.

54. That as a result of the foregoing, Plaintiff, DA-SHAUNA HOWELL McCOY, has sustained a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined by Section 5102(d) of the Insurance Law of the State of New York.

55. That by reason thereof, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

56. That plaintiff is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

## AS AND FOR SECOND CAUSE OF ACTION

57. Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

58. That at all times mentioned herein, it was the duty of the Defendant, UNITED STATES POSTAL SERVICE its agents, servants and/or employees to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

9

59. That at all times mentioned herein, it was the duty of the Defendant, UNITED STATES POSTAL SERVICE, its agents, servants and/or employees to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

60. That by reason of the negligence of Defendant UNITED STATES POSTAL SERVICE, its servants, agents and/or employees, in negligently entrusting its motor vehicle to Defendant operator, Defendant, TAMECO FROST, Plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of Plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

## AS AND FOR A THIRD CAUSE OF ACTION

61. Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause and Second Causes of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

62. That at all times mentioned herein, it was the duty of the Defendant, EAN HOLDINGS INC. its agents, servants and/or employees to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

63. That at all times mentioned herein, it was the duty of the Defendant, EAN HOLDINGS INC. its agents, servants and/or employees to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

64. That by reason of the negligence of Defendant EAN HOLDINGS INC., its servants, agents and/or employees, in negligently entrusting its motor vehicle to Defendant operator, Defendant, JOSHUA AGARD, Plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of Plaintiff in any way contributing thereto, thereby causing him extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

## ARTICLE 16 EXCEPTIONS

65. That this action falls within one or more of the exceptions set forth in CPLR §1602.

66. Pursuant to CPLR §1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the conditions of CPLR §1601, by reason of the fact that defendants owed plaintiff a non-delegable duty of care.

67. Pursuant to CPLR §1602(7), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the

conditions of CPLR §1601, by reason of the fact that defendants acted with reckless disregard for the safety of others.

68.     Pursuant to CPLR §1602(2)(iv), defendants are jointly and severally liable for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective of the conditions of CPLR §1601, by reason of the fact that defendants are vicariously liable for the negligent acts and omissions of each other or others who caused or contributed to plaintiff's damages.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum of SEVEN MILLION ($7,000,000.00) DOLLARS, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
    February 24, 2022

Yours, etc.,

_____
Douglas A. Milch, Esq.
WINGATE, RUSSOTTI, SHAPIRO, MOSES & HALPERIN, LLP
Attorney(s) for Plaintiff(s)
420 Lexington Avenue, Suite 2700
New York, NY 10170
(212) 986-7353